Citation Nr: 1443642 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 08-04 185 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Newark, New Jersey




THE ISSUE

Entitlement to service connection for a claimed innocently acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and depression. 




REPRESENTATION

Appellant represented by: The American Legion







ATTORNEY FOR THE BOARD

M. Mills, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1973 to June 1976 and from January 1983 to June 1983. He also had service with the Naval Reserve and the Army National Guard. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a rating decision dated in August 2006 and January 2008 by the RO.

A review of the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing system includes additional VA treatment records and the August 2014 appeal brief.

This matter was before the Board in January 2012 and February 2013 when it was remanded for additional development. 

In a statement received in June 2011, the Veteran cancelled his request for a Board hearing. See 38 C.F.R. § 20.704 (2013).

The appeal is being remanded to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required on his part.


REMAND

Pursuant to the February 2013 remand, the Veteran was to be scheduled for a VA examination to determine the likely etiology of the claimed innocently acquired psychiatric disorder. 

Information in the claims folder shows that the requested examination was scheduled for February 2014, but was cancelled due to the Veteran's failure to report.

In this case, the Board finds that there is a reasonable possibility that a VA medical opinion would aid the Veteran in substantiating his claim. 38 U.S.C. § 5103A(a). 

The Veteran should be advised that, should another VA examination be necessary, it remains his responsibility to report for the scheduled VA examination and to cooperate with the development of his claim; failure to report without good cause may result in denial of his claim.

The Board points out that the Veteran was afforded a VA examination in April 2012. The Board found this opinion to be incomplete given the use of inconclusive and speculative language. 

For example, the April 2012 VA examiner first indicated that he could not determine the etiology of the Veteran's psychiatric disorder without resort to speculation, but opined that the Veteran's depression was less likely as not related to service. 

Then, the examiner suggested that the Veteran's psychiatric disorder pre-existed service and was aggravated by service, but only indicated that such a relationship was "possible."

Accordingly, the case is remanded for the following action:

1. The AOJ should take all indicated action in order to obtain copies of any outstanding VA and non-VA treatment records and associate them with the record. 

The Veteran must also be advised that with respect to private medical evidence he may alternatively obtain the records on his own and submit them to the AOJ.

2. The AOJ should forward the Veteran's claims folder to an appropriate examiner for an opinion to determine the nature and likely etiology of the claimed psychiatric disorder, to include PTSD and depression. The entire claims file must be made available to the examiner. All indicated tests and studies should be accomplished, and all clinical findings should be reported in detail.

The examiner should state whether the Veteran has an acquired psychiatric disability, to include PTSD and depression, that clearly and unmistakably existed prior to his period of active service. 

If the examiner determines that an acquired psychiatric disorder preexisted service, he or she should state whether there was an increase in the disability during service. 

If the evidence reflects such an increase, the examiner should specifically find whether any increase was due to the natural progression of the disorder or whether it represented a chronic worsening of the underlying pathology.

For any current diagnosis of an acquired psychiatric disorder that was not preexisting, the examiner should opine as to whether it is at least as likely as not that the disorder was clinically manifested in service or otherwise is related to an injury or other event or incident of his active service.

The examiner is advised that the Veteran is competent to report symptoms and treatment and that his reports (written statements) must be taken into account, along with the other evidence of record, in formulating the requested opinions.

Specifically, the examiner should address the findings from the April 2012 VA examination report.

A complete rationale should be provided for any opinions expressed. 

3. If the examiner determines that an additional examination of the Veteran is necessary to provide a reliable opinion, such examination should be scheduled and the Veteran informed as to the consequences for failure to report for a VA examination without good cause.

4. After completing all indicated development, the AOJ should readjudicate the claim remaining on appeal in light of all the evidence of record. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished a fully responsive Supplemental Statement of the Case and afforded a reasonable opportunity for response.

Thereafter, if indicated, the case should be returned to the Board for the purpose of appellate disposition. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
STEPHEN L. WILKINS
Veterans Law Judge,
Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).